SELCHOW et al. v. CHAFFEE & SELCHOW MFG. CO. (Circuit Court, S. D. New York. September 22, 1902.) Motion for preliminary injunction. Arthur v. Briesen, for the motion. A. Bell Malcomson, opposed.

LACOMBE, Circuit Judge. Most of the questions presented should be reserved till final hearing. Defendant, however, until then, should refrain from marking games of "Parchesi" with, and from selling or offering to sell or advertising said games under, the name "Selchow," either singly or in combination with other words. The operation of this injunction is suspended for five days after entry of order to enable defendant to change the labels on goods already manufactured.

---

WESTINGHOUSE AIR BRAKE CO. v. CHRISTENSEN ENGINEERING CO. (Circuit Court, S. D. New York. October 18, 1902.) For former opinions, see 103 Fed. 491, and 113 Fed. 594. Wm. A. Jenner, for the motion. Fred'k H. Betts, opposed.

LACOMBE, Circuit Judge. Defendant may have 10 days from to-day in which to examine not more than two witnesses to testify that the two valves made by complainants and subjected to experiment are not made in accordance with the Holleman patent. In all other respects the motion is denied. The taking of this surrebuttal testimony shall not operate to change the position of the cause on the equity calendar.

---

WESTON ELECTRICAL INSTRUMENT CO. v. STEVENS et al. (Circuit Court, S. D. New York. October 3, 1902.) In Equity. Suit for infringement of patents. On motion for leave to take testimony in surrebuttal. Guthrie, Cravath & Henderson, for the motion. Kenyon & Kenyon, opposed.

LACOMBE, Circuit Judge. Defendants may call not more than two witnesses to testify that an instrument constructed in accordance with drawing of December, 1888, would in their opinion be inoperative, briefly stating their reasons for entertaining such opinion, or not more than two witnesses to testify that they have tried to operate an instrument made in conformity to such drawing and have failed to succeed. (2) The motion to take surrebuttal with regard to publication in the London Electrician September 2 and 16, 1882, is denied. (3) As to each of the new publications put in in rebuttal, and referred to in paragraph 3 of the motion, defendants may call one witness to testify what he understands such publication to disclose. (4) Professor Anthony's statement in cross-question 223 is stricken out. The motion for surrebuttal as to split-spool denied. Ten days' time allowed to take this surrebuttal.

---

WHEATON v. DAILY TEL. CO. (Circuit Court, S. D. New York. August 25, 1902.) Motion to Compel a Bank of Deposit to Turn Over Balance to Receiver. Gould & Wilkie, for the motion. Kneeland Moore, opposed.

LACOMBE, Circuit Judge. The bank should pay over to the receiver the balance of $1,982.86, with interest from the date when receiver demanded it. That date is not disclosed by the papers. It may be shown by affidavit on settlement of order. This is without prejudice to whatever claim to a preference the bank may be advised to urge touching so much as it claims as creditor.